IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 5:11CR50020 |
| ) | |
| MARK KRAUSE ) | |

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this agreement. The agreement of the parties is as follows:

### COUNTS OF CONVICTION AND DISMISSAL

1. The defendant, **MARK KRAUSE**, hereby agrees to plead guilty to count one of the Superseding Indictment charging him with conspiracy to possess unregistered firearms in violation 26 U.S.C. § 5861(d), all in violation of 18 U.S.C. § 371. If the Court accepts this plea agreement, once the Court has pronounced sentence, the Government will move to dismiss counts 4 through 10 of the Superseding Indictment. Upon the court's acceptance of the defendant's guilty plea to count 1 of the Superseding Indictment, the Government, without objection from the defendant, will move to dismiss **without prejudice** Count 11 of the Superseding Indictment and count 1 of the original Indictment.

### ADMISSION OF FACTUAL BASIS IN SUPPORT OF GUILTY PLEA

2. The defendant has fully discussed with defense counsel the facts of this case and the elements of the crime(s) to which the defendant is pleading guilty. The defendant has committed

each of the elements of the crime(s) to which the defendant is pleading guilty, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

a.   In approximately August 2010, the defendant, **MARK KRAUSE**, arranged for Michael Pierce and another individual to remove items of personal property that belonged to Krause from Krause's former residence located at 37797 Highway 23 South, Forum, Arkansas. Included in these items were the following firearms which belonged to Krause:

- A short barrel rifle, as defined in Title 26 U.S.C. § 5845(a)(3) described as a Czechoslovakia made model VZ24, .45 caliber rifle, serial number E6138 with a barrel length of 7 3/4 inches long;

- a machine gun, as defined in Title 26 U.S.C. § 5845(a)(6) and (b), described as a Ruger, model 10/22, .22 caliber rifle, serial number 240-92153;

- a silencer as defined in Title 18 U.S.C. §§ 921(a)(3)(C) and (a)(24) and 26 U.S.C. § 5845(a)(7), described as a metal silencer approximately 17 3/4 inches long and 1 3/16 inches at its major diameter, with no serial number or manufacturing markings;

- a silencer as defined in Title 18 U.S.C. §§ 921(a)(3)(C) and (a)(24) and 26 U.S.C. § 5845(a)(7), described as a metal silencer approximately 15 1/4 inches long and 1 7/8 inches at its major diameter, bearing the markings "Backwoods Gun Shop Pettigrew AR 72752 model MKI3, serial number MK0001;

- a machine gun is defined in Title 26 U.S.C. § 5845(a)(6) and (b) described as a Czechoslovakia made model Sa26, 7.62x25mm (Tokarev) caliber with no serial number or manufacturing markings;

- a silencer, as defined in Title 18 U.S.C. §§ 921(a)(3)(C) and (a)(24) and 26 U.S.C. § 5845(a)(7) described as a metal silencer approximately 7.25 inches in length and 1 5/8 inches at its major diameter with no serial number or manufacturing markings;

-a machine gun, as defined in Title 26 U.S.C. § 5845(a)(6) and (b) described as a modified Heckler and Koch-type trigger pack.

All of these firearms were required to be registered in the National Firearm Registration and Transfer Record but none of the firearms were so registered and none of the firearms were registered in the name of Mark Krause or Michael Pierce.

    b.    Pierce agreed to allow Krause to store these unregistered firearms at Pierce's residence located at 925 Highway 23 South, Eureka Springs, Arkansas. Pursuant to the agreement between Krause and Pierce, Pierce and the other individual removed the unregistered firearms from Krause's residence to Pierce's residence where the firearms were stored by Pierce for Krause until the firearms were seized by the Bureau of Alcohol, Tobacco and Firearms pursuant to a search warrant on January 7, 2011.

### ADVICE OF RIGHTS

3.    The defendant hereby acknowledges that he/she has been advised of and fully understands the following constitutional and statutory rights:

    a.    to have an attorney and if the defendant cannot afford an attorney, to have one provided to him/her and paid for at government expense;
    b.    to persist in his/her plea of not guilty;
    c.    to have a speedy and public trial by jury;
    d.    to be presumed innocent until proven guilty beyond a reasonable doubt;
    e.    to confront and examine witnesses who testify against him/her;
    f.    to call witnesses on his/her behalf;
    g.    to choose to testify or not testify and that no one could force the defendant to testify; and,

  h.  to have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

4. The defendant hereby acknowledges that he understands with respect to each count to which he pleads guilty, he thereby <u>WAIVES</u> all of the rights listed as (b) through (h) of the above paragraph.

## WAIVER OF ACCESS TO RECORDS

5. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF "HYDE" CLAIM

6. The defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## EFFECTS OF BREACH OF THIS AGREEMENT BY DEFENDANT

7. The defendant agrees that if after signing this plea agreement the defendant commits any crimes, violates any conditions of release, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, intentionally incomplete, or intentionally untruthful, this shall constitute a breach of this plea agreement which shall release the United States from any and all restrictions or obligations placed

upon it under the terms of this agreement and the United States shall be free to reinstate dismissed charges or pursue additional charges against the defendant.

8. The defendant further agrees that a breach of any provisions of this plea agreement shall operate as a WAIVER of defendant's rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence and the government shall be allowed to use and to introduce into evidence any one or more of the following:

   a. admissions against interest, both oral and written, made by the defendant to any person;
   b. statements made by the defendant during his change of plea hearing;
   c. the factual basis set forth in the plea agreement;
   d. any testimony given under oath in these proceedings or to a grand jury or a petit jury;
   e. any and all physical evidence of any kind which the defendant has provided to the government; and,
   f. any and all information provided by the defendant to the government's attorneys, or to federal, state, county, and/or local law enforcement officers.

## MAXIMUM PENALTIES

9. The defendant hereby acknowledges that he has been advised of the maximum penalties for each count to which he is pleading guilty. By entering a plea of guilty to count one of the Superseding Indictment, the defendant agrees that he faces:

   a. a maximum term of imprisonment for five years;

   b. a maximum fine of $250,000.00;

   c. both imprisonment and fine;

   d. a term of supervised release which begins after release from prison;

   e. a possibility of going back to prison if the defendant violates the conditions of supervised release;

      f.    a special assessment of $100.00 for each count of conviction.

## CONDITIONS OF SUPERVISED RELEASE

10. The Defendant acknowledges that if a term a supervised release is imposed as part of the sentence, the defendant will be subject to the standard conditions of supervised release as recommended by the United States Sentencing Commission and may be subject to other special conditions of supervised release as determined by the court. The standard conditions of supervised release are as follows:

A. The defendant shall not leave the judicial district without the permission of the court or probation officer.

B. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

C. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

D. The defendant shall support his or her dependents and meet other family responsibilities.

E. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

F. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

G. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

H. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

I. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

J. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

K. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

L. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court, and

M. The defendant shall -- as directed by the probation officer -- notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## NO OTHER CHARGES

11. The government agrees that no other federal charges, which stem from the activities described in Counts 1 and 4 through 10 of the Superseding Indictment will be brought against the defendant in the Western District of Arkansas. The defendant understands and agrees that this plea agreement will not prohibit the government from filing charges related to the conduct described in

count 11 or any other charges not related to the offenses described in Counts 1 and 4-10 of the Superseding Indictment.

### SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

12. The parties acknowledge that the Court shall consult and take into account the United States Sentencing Commission Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the defendant to any reasonable sentence within the statutory range.

### AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE

13. The defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case. The defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the district court. Further, the defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event that the actual guideline range is greater than the parties expected, the defendant agrees that this does not give him the right to withdraw his plea of guilty.

### RELEVANT CONDUCT CONSIDERED

14. At the sentencing hearing, the government will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to defendant's background, character and conduct, including the conduct that is the subject of this investigation for which he has not been charged up to the date of this Agreement, and/or which is the basis for any of the counts which will be dismissed pursuant to this agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

## PERJURY

15. In the event that it is determined that the defendant has not been truthful with the court as to any statements made while under oath, this plea agreement shall not be construed to protect the defendant from prosecution for perjury or false statement.

## CONCESSIONS BY THE GOVERNMENT

16. The government agrees not to make a recommendation as to what specific sentence should be given to the defendant.

17. The government agrees not to object to a recommendation by the probation office or a ruling of the court which awards the defendant an appropriate-level decrease in the base offense level for acceptance of responsibility. If the offense level in the Presentence Report is 16 or greater and the court accepts a recommendation in the Presentence Report that defendant receive two points for acceptance of responsibility, the United States agrees to move for an additional one-point reduction for acceptance of responsibility for a total of three points. However, the Government will not be obligated to move for an additional one-point reduction or recommend any adjustment for acceptance of responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following a) falsely denies, or makes a statement materially inconsistent with, the factual basis set forth in this agreement, b) falsely denies additional relevant conduct in the offense, c) is untruthful with the Government, the Court or probation officer, or d) materially breaches this plea agreement in any way.

## GOVERNMENT'S RESERVATION OF RIGHTS

18. Although the government agrees not to object to certain findings by the probation office or to rulings of the court, it reserves the right to:

    a.    make all facts known to the probation office and to the court;
    b.    call witnesses and introduce evidence in support of the Presentence Report;
    c.    contest and appeal any finding of fact or application of the Sentencing Guidelines;
    d.    contest and appeal any departure from the appropriate Guideline range; and,
    e.    defend all rulings of the District Court on appeal including those rulings which may be contrary to recommendations made or positions taken by the government in this plea agreement which are favorable to the defendant.

## NO RIGHT TO WITHDRAW THE GUILTY PLEA

19.    The government's concessions on sentencing options are non-binding and made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. As a result, if the court should reject the defendant's requests or recommendations for certain findings of fact or applications of the Guidelines, the defendant acknowledges that there is no right to withdraw the guilty plea.

## DISMISSAL OF COUNTS

20.    The government's agreement to dismiss certain counts of the Superseding Indictment is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. As a result, if the court should reject the government's motion to dismiss the agreed counts of the Superseding Indictment, the defendant shall be afforded the right to withdraw his plea pursuant to Rule 11(c)(5)(B) of the Federal Rules of Criminal Procedure.

## AGREEMENT NOT BINDING ON THE COURT

21.    The parties agree that nothing in this agreement binds the district court to:

    a.    make any specific finding of fact;
    b.    make any particular application of the Sentencing Guidelines;
    c.    hand down any specific sentence;
    d.    accept any stipulation of the parties as contained in this plea agreement; and,
    e.    accept this plea agreement.

22.     The government and the defendant acknowledge that the court has an obligation to review the Presentence Report before it accepts or rejects this plea agreement.

### AGREEMENT DOES NOT BIND ANY OTHER ENTITY

23.     The parties agree that this plea agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

### ABANDONMENT OF PROPERTY

24.     The defendant agrees to abandon any interest he may have in the firearms as listed in count 1 of the Superseding Indictment which were seized and retained as evidence pursuant to the search warrants executed on January 7, 2011. The defendant further consents to the destruction of the same by the Bureau of Alcohol, Tobacco and Firearms.

### SPECIAL ASSESSMENT

25.     The defendant agrees to pay $100.00 the special assessment in this case.

### REPRESENTATIONS BY DEFENDANT

26.     By signing this plea agreement, the defendant acknowledges that :

   a.     The defendant has read this agreement (or has had this agreement read to him/her) and has carefully reviewed every part of it with defense counsel.

   b.     The defendant fully understands this plea agreement and is not under the influence of anything that could impede the defendant's ability to fully understand this plea agreement.

   c.     No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this plea agreement.

  d. The defendant is satisfied with the legal services provided by defense counsel in connection with this plea agreement and matters related to it.

  e. The defendant has entered into this plea agreement freely, voluntarily, and without reservation and the defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the defendant or anyone connected with the defendant.

## REPRESENTATIONS BY DEFENSE COUNSEL

27. By signing this plea agreement, counsel for the defendant acknowledges that:

  a. Counsel has carefully reviewed every part of this agreement with the defendant and this agreement accurately and completely sets forth the entire agreement between the United States and the defendant.

  b. Counsel has explained the ramifications of the plea agreement to the defendant, and believes that the defendant understands this plea agreement, what rights are being lost by pleading guilty, and what the government has agreed to do in exchange for the plea of guilty.

  c. Counsel believes that the defendant's decision to enter into this agreement is an informed and voluntary one.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

28. The defendant and his attorney both acknowledge that this plea agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the defendant to change his plea to guilty.

Dated this 9th day of March, 2011.

_____
Mark Krause
Defendant

_____
Bruce Eddy
Attorney for Defendant

CONNER ELDRIDGE
UNITED STATES ATTORNEY

By: _____
Wendy L. Johnson
Assistant U.S. Attorney

13